**Electronically Filed
Intermediate Court of Appeals
30565
28-MAR-2012
08:27 AM**

NO. 30565

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


CAROL A. BROWN, M.D. and CAROL A. BROWN, M.D., INC.,
Plaintiffs-Appellants,
v.
HAWAII MEDICAL SERVICE ASSOCIATION, a mutual benefit
society; and ALAN VEN ETTEN, Arbitrator,
Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 08-1-0288)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Leonard and Reifurth JJ.)

Plaintiffs-Appellants Carol A. Brown, M.D. and Carol A. Brown, M.D., Inc. (Dr. Brown) appeal from the First Amended Final Judgment (Amended Final Judgment), filed February 11, 2010 in the Circuit Court of the First Circuit[1] (circuit court). The circuit court entered judgment in favor of Defendants-Appellees Hawaii Medical Service Association (HMSA) and Alan Van Etten (Van Etten) and against Dr. Brown.

On appeal, Dr. Brown contends the circuit court erred by:

(1) refusing to stay the arbitration proceeding and instead ordering arbitration on the issue of whether the HMSA

---

[1] The Honorable Rom A. Trader presided.

QUEST[2] Participating Physician Agreement (QUEST Agreement) expired, was canceled, or ended;

  (2) failing to decide the issue of whether HMSA is a health care entity;

  (3) failing to decide whether HMSA issues, denies, or disciplines clinical privileges to physicians under its QUEST Agreement;

  (4) dismissing the Complaint; and

  (5) confirming the Arbitration Award.

  Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Dr. Brown's points of error as follows:

  This appeal was timely filed and is not moot. HMSA argues that the January 9, 2009 "Order Denying Plaintiffs' Motion to Vacate Arbitrator's Award and Confirming Arbitration Award" (Confirmation Order) was a final appealable order pursuant to HRS § 658A-28(a)(3) (Supp. 2011). HMSA asserts that Dr. Brown was required to appeal from the Confirmation Order by February 9, 2009, and the instant appeal from the February 11, 2010 Amended Final Judgment is moot as the case was settled by the Confirmation Order.

  In cases involving arbitration, HRS § 658A-28 (Supp. 2011) allows for appeals from both an order confirming or denying confirmation of an award, and from a final judgment. HRS § 658A-28(a) provides that an appeal may be taken from:

   (1) An order denying a motion to compel arbitration;
   (2) An order granting a motion to stay arbitration;
   (3) An order confirming or denying confirmation of an award;
   (4) An order modifying or correcting an award;

---

  [2] "QUEST" is a program under the Department of Human Services which delivers medical, dental, and behavioral health services "to certain individuals formerly covered by public assistance programs including the aid to families with dependent children (AFDC) related medical programs, general assistance (GA), and the state health insurance program (SHIP)." Hawaii Administrative Rules (HAR) § 17-1700-2.

(5) An order vacating an award without directing a
rehearing; or
(6) A final judgment entered pursuant to this chapter.

Hawai'i Rules of Appellate Procedure (HRAP) Rule 4(a) requires that "[w]hen a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order." Thus, Dr. Brown's appeal would not be a timely appeal from the January 9, 2009 Confirmation Order, but it would be a timely appeal from the February 11, 2010 Amended Final Judgment. This court has already answered the question of whether an appeal may taken from either an order granting confirmation or a final judgment. In Trustees of Don Ho Revocable Living Trust v. Demattos, 126 Hawai'i 179, 268 P.3d 432 (App. 2011), this court held that an appeal is authorized for either a confirmation order under HRS § 658A-28(a)(3) or a final judgment under HRS § 658A-28(a)(6). 126 Hawai'i at 181, 268 P.3d at 434. In the instant case, Dr. Brown could challenge the propriety of the Arbitration Award by appealing from either the Amended Final Judgment or the Confirmation Order. Therefore, Dr. Brown's failure to appeal from the Confirmation Order did not preclude Dr. Brown from appealing from the Amended Final Judgment, and the instant appeal is timely and not moot.

The termination of the QUEST Agreement did not invalidate the arbitrability of the dispute. On appeal, Dr. Brown argues that the circuit court erred by refusing to stop the arbitration and by subsequently confirming the Arbitration Award. Dr. Brown argues that the arbitration provisions contained in the QUEST Agreement were no longer binding or enforceable once the QUEST Agreement expired.

HRS § 658A-6 (Supp. 2011) renders arbitration agreements enforceable. "An agreement contained in a record to submit to arbitration any existing or subsequent controversy arising between the parties to the agreement is valid, enforceable, and irrevocable except upon a ground that exists at

3

law or in equity for the revocation of a contract." HRS § 658A-6(a).

In the instant case, it is undisputed that a valid, enforceable arbitration agreement existed. The QUEST Agreement states that "[d]ispute resolution related to termination of this Agreement by HMSA based upon a recommendation of HMSA's Credentialing Committee shall be in accord with HMSA's credentialing policies and procedures." HMSA's Recredentialing/Non-Compliance Appeal Policy states that "Practitioners/Providers may request binding arbitration by submitting a written request to Legal Services at HMSA in Honolulu, Hawaii[,]" and that "[t]he decision of the arbitrator shall be final and binding on both parties." Furthermore, the QUEST Agreement specifically binds the parties to the agreement even after termination. "As of the date of termination, this Agreement shall be considered of no further force or effect except that such termination shall not release Participating Physician or HMSA from their respective obligations accruing prior to the date of termination[.]" (Emphasis added.)

In the instant case, the dispute arose prior to the termination of the QUEST Agreement. Because there was a valid arbitration agreement which bound the parties to the agreement after termination, and because arbitration arose out of actions occurring prior to termination of the QUEST Agreement, the circuit court did not err by refusing to stop the arbitration or by confirming the Arbitration Award.

The circuit court did not err in declining to decide the issue of whether HMSA is a health care entity. In Dr. Brown's Complaint, she sought a declaratory judgment that HMSA was not a health care entity under state and federal law. The circuit court dismissed with prejudice all claims made in Dr. Brown's Complaint in its January 14, 2009 "Order Granting Defendant [HMSA]'s Motion to Dismiss With Prejudice all Claims

4

Asserted in Plaintiffs' Verified Complaint Filed on February 11, 2008."

On appeal, Dr. Brown argues the circuit court erred by not addressing this issue. Although the argument is somewhat muddled, Dr. Brown essentially argues that Van Etten did not have the authority, or at least not the exclusive authority, to decide the issue of whether HMSA was a health care entity, which, decided in the affirmative, triggered HMSA's obligation under 42 U.S.C. § 11133 (2011) and HRS § 671D-11 (Supp. 2011) to make a report regarding Dr. Brown to the State of Hawai'i Board of Medical Examiners and the National Practitioner Data Bank.

Hawai'i case law is clear that "[t]he scope of an arbitrator's authority is determined by agreement of the parties. An arbitrator must act within the scope of the authority conferred upon him by the parties and cannot exceed his power by deciding matters not submitted." United Pub. Workers, AFSCME, Local 646, AFL-CIO v. Cnty. of Hawaii-Holiday Pay (2003-022B), 125 Hawai'i 476, 480, 264 P.3d 655, 659 (App. 2011) (citation omitted). In addition to the provision requiring arbitration for disputes involving decisions by HMSA's Credentialing Committee, the QUEST Agreement also contains the following arbitration clause:

> HMSA and Participating Physician agree that, except for disputes related to . . . termination of this Agreement by HMSA based upon a recommendation of HMSA's Credentialing Committee, any and all claims, disputes, or causes of action arising out of this Agreement or its performance, or in any way related to this agreement or its performance . . . shall be resolved by binding arbitration as set forth in this Agreement.

In the instant case, Van Etten was clearly within the authority conferred upon him as arbitrator through the two arbitration provisions in the QUEST Agreement. As set forth above, the QUEST Agreement required arbitration of all claims arising out of decisions by the Credentialing Committee, and the arbitration clause required arbitration of all other claims arising out of the QUEST Agreement. The question of HMSA's

status as a health care provider and, ultimately, whether it was required to report Dr. Brown under 42 U.S.C. § 11133 and HRS § 671D-11, certainly arises out of the QUEST Agreement and the Credentialing Committee's decision.  Because Van Etten was clearly within his authority as arbitrator to decide the question of HMSA's status as a health care provider, the circuit court did not err in declining to answer that question, nor did it err in confirming the Arbitration Award.

Therefore,

IT IS HEREBY ORDERED that the First Amended Final Judgment filed February 11, 2010 in the Circuit Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawaiʻi, March 28, 2012.

On the briefs:

R. Steven Geshell
for Plaintiffs-Appellants.

Dianne Winter Brookins
Peter Knapman
(Alston Hunt Floyd & Ing)
for Defendants-Appellees.

Presiding Judge

Associate Judge

Associate Judge